The next case for this afternoon is Keppel, rather in the interest of E.W., a minor. It's important that the parties understand Justice Chapman will be participating in this case. She will read the briefs and hear the argument. It's important that you speak up so that your arguments are picked up on the record. Counsel for the appellant may proceed. Thank you, Your Honor. May it please the Court, Counsel. My name is Amanda Horner from the Office of the State Appellate Defender, and today I am representing E.W. Your Honor, Eddie is back on appeal for the second time today. Roughly a year ago, he was here on a first-stage post-conviction petition. Initially, he had entered a guilty plea in an extended juvenile jurisdiction statute case, where he pled guilty to one count and was given both a juvenile sentence and an adult sentence. He filed a post-conviction petition claiming that he had been improperly admonished pursuant to Rule 402, and had he been admonished, he would not have entered into the guilty plea. This Court entered an opinion finding that Eddie had stated the gist of a constitutional claim, that he had not been properly admonished. Specifically, he had not been told the minimum and maximum sentences, or rather, he was not told a minimum sentence and the maximum sentence was incorrect. He had not been told that he would have to serve a term of MSR from three years to natural life. He had not been told that he had a right to a jury trial, which, again, is pretty important in this case because he's a juvenile. He wouldn't normally have that right. And also, he was never admonished that he had the right to persist in his plea of not guilty. The trial court did briefly try to correct these errors, but this Court noted that that correction was insufficient because the trial court never asked Eddie whether he wanted to affirm his guilty plea following that correction, and Eddie had never been told that he had the right to persist in his plea of not guilty. The 402, the guilty plea, of course, has not changed since the last appeal. It's in the past. It can't possibly change. Furthermore, whether or not Rule 402 admonishments substantially comply is a question of law, and this Court has already found that here, the trial court committed numerous errors, and at the time Eddie entered his guilty plea, he didn't have a great deal of information in front of him. Additionally, both in his initial petition and in his subsequent petition after he had been appointed counsel, Eddie alleged that had he had this information, had he known the correct maximum, had he known the correct minimum, that he had the right to a jury trial, and that at 15 years old, he faced a potential lifetime of MSR, he would never have accepted that guilty plea. Nothing has changed since that. When it went down for a second stage proceeding, the State did file a motion to dismiss, and, of course, in a motion to dismiss, the State could raise any number of issues. Affirmative defenses normally, they could attack the pleadings themselves, but actually what the State chose to do in this case is to essentially repeat the arguments that we made during the first stage petition and that this Court had already decided. One, the State below attacked the sufficiency of the 402 admonishments, and then they alleged that Eddie did not, was a prejudice by these 402 admonishments, both of which are incorrect. Again, the 402 admonishments can't change. At trial, or I'm sorry, and before the trial court at the second stage, the State asserted, for example, that Eddie was properly admonished about his right to a jury trial. This is directly contradictory to what this Court held in a published opinion. On appeal, the State is again arguing that Eddie had been, at one point, the State says in its brief, because defendant had been admonished pursuant to Rule 402 immediately before the extended juvenile jurisdiction portion, it is doubtful he would have been unaware of the proper admonishments. That's on page 9 and 10 of the brief. The problem is that this Court found that those admonishments never took place, that they were insufficient. In other words, at the time Eddie pled guilty, he was unaware of the minimum, the correct maximum, that he had the right to a jury trial, that he had the right to persist in his plea of not guilty. The admonishments are what they are, Your Honor, and at the second stage of proceedings, Eddie's statement through his pleadings must be accepted as true. The State doesn't argue that they're contradicted by some other statement by Eddie, and at the second stage, it's not a credibility determination. It is simply what the pleadings say. And here, this Court has already ruled that the 402s aren't compliant, and Eddie has stated in not one but two of his post-conviction petitions that had he had this information, he wouldn't have went forward. In terms of prejudice, the State sort of asserts, at least at one point, that because he was told he could be sentenced to 30 years, when in fact the maximum was only 15 years, that, well, he wasn't prejudiced. He, in fact, got a bargain, because if he were willing to plead guilty just when the potential sentence was 30 years, he surely would have been willing to plead guilty to 15. Fifteen, of course, is the maximum, so it's hard to describe that as a bargain. But on the other hand, Eddie was 15 years old. The fact that he was facing, according to the trial court, 30 years, so that's a sentence twice his lifetime, would certainly have made a guilty plea, where he could have avoided that, seem all the better, right? It would have compelled him to want to take that guilty plea. The State also insinuates in their brief by copying the indictment and listing all the charges that were dropped that somehow Eddie got a good deal. But that, Your Honors, is not the test. The test is whether Eddie had all the information in front of him, and when he had this information, if he chose to pursue this guilty plea or not. It's not whether the State dropped charges or whether the State thinks it was prudent that he accepted this guilty plea. It doesn't matter whether the plea counsel thought it was prudent. What matters is at the time when Eddie was 15, and as this Court has already acknowledged in its opinion, had intellectual, mental, emotional problems, whether he understood the length of the possible sentences he was facing, whether he understood that if he pled guilty, he was facing a potential lifetime of MSR, whether he understood he had the right to a jury trial in front of his peers. This is what the test, and this Court has already found that at the time he pled guilty, he didn't have this information in front of him. And according to the pleadings, which again have to be taken as true, Eddie would not have entered into this guilty plea had he known this information. The State certainly has a right to challenge Eddie's credibility, but that is reserved for third-stage proceedings. This Court has already found that the admonishments were insufficient, and Eddie's post-conviction petition alleged that he wouldn't have entered into the guilty plea had he been properly informed. Therefore, the trial court urged when it dismissed Eddie's petition, and at this point he respectfully requests that this Court reverse and remand for further proceedings. Unless this Court has any questions? Thank you, Counsel. We'll have an opportunity for a rebuttal. Counsel, for the appellee. Thank you, Your Honor. Your Honors, Counsel, may it please the Court. In the prior appeal, this Court found that the trial court's admonitions to defendant minor were inadequate on 402 admonitions. I won't recount what all those were because I think Counsel did a sufficient job in stating what those were. Now we're back for this Court to determine whether the trial court properly granted the State's motion to dismiss defendant's amended post-conviction petition. Defendant's argument that since the last appeal nothing has changed ignores that second-stage proceedings occurred in the trial court. While it is true that admonitions have not changed, at second stage what changed was defendant was appointed an attorney to file an amended petition, and rather than the showing of a gist of a constitutional violation, the petition and its accompanying documentation was required to make a substantial showing of a constitutional violation. So at this stage, on a second-stage dismissal, the issue concerns only the legal sufficiency of the petition. What this case really comes down to, the State argued below that although the trial court did not specifically enumerate all of the 402 admonitions, that the defendant understood the rights he was giving up. Whether the petition has sufficiently shown that the minor has established prejudice in that allegation, that's the issue on appeal. This Court has previously held an imperfect admonishment is not reversible error unless the defendant has been prejudiced by the inadequate admonishment. The State acknowledges the defendant's argument is, had I known I had a right to persist in my plea of not guilty, I would have had a jury trial. If this Court believes that that is a sufficient allegation in showing a prejudice for a second stage, then the proper remedy is a remand for third-stage proceedings. The Hawkins case cited by the defendant as authority for a court of review to vacate a guilty plea in a post-conviction case does not apply here. In that Hawkins case, the circuit court vacated the defendant's conviction and sentence, and that decision was affirmed on appeal. My recollection of that Hawkins case was that the trial judge had accepted a bribe in that case. Another judge had to be appointed in the case, and that judge found that in the post-conviction proceedings, obviously, that the defendant was denied a fair trial in that case. So there was no fair trial in that case. So in Hawkins, the appellate court did not vacate the conviction and sentence. The trial court did. What the appellate court did was affirm the trial court's decision to vacate that sentence. And that distinguishes this case completely from the Hawkins case. I am not here to argue today that somehow those admonitions that were given previously somehow magically transformed into perfect admonitions. I can't argue that. All I can do is say that at second stage, there was a burden for a defendant to meet, and that was a substantial showing of a constitutional violation of constitutional rights. If this court believes what defendant has alleged has made that showing, then the proper remedies will remand for third stage proceedings. If no questions, I thank you, Your Honor. Thank you, Counsel. You're very welcome. Your Honor, Evil v. Fish, along with a number of other cases, simply require that when you're complaining about, that when you are saying that your guilty plea was involuntary or not knowing, the prejudice is simply that I would not have entered into this guilty plea had I had this information in front of me. And occasionally, that may be an artifice, but that is something that should be pushed through at third stage proceedings if the State has doubt about Eddie's credibility. But moreover, in this case, it certainly doesn't seem like it's a facade. He was told incorrectly more than half of his admonishments. And you also have to consider that here, Eddie was a 15-year-old teenager, which would make him even more vulnerable. It was also his first proceeding, incidentally. So this is not someone who had been through numerous guilty pleas. And in fact, he was also pleading guilty in an EJJ proceeding, which is used rarely and is somewhat procedurally complex. Even the trial court and the State Defense Counsel had trouble working their way through that procedure. So it's unlikely that a 15-year-old boy would have not listened to what the trial court told him was the truth and made his decisions based on that. In terms of the Hawkins case, the point of Hawkins is that when everything is a matter of record, when there is no question of fact left, certain stages of the post-conviction petition can be skipped. Here, Eddie has alleged that he wouldn't have entered into this guilty plea had he known, which is what is required of him under law. And the 402 admonishments don't change. So his guilty plea could be vacated at this point. But alternatively, it could also be remanded for third-stage proceedings where Eddie would be allowed to testify that, yes, he wouldn't have entered into this guilty plea had he known this information. Although given the limited sort of inquiry that would be allowed here, simply the fact that Eddie is continuing to pursue this appeal as well as his pleadings would suggest that, of course, Eddie is pursuing this and would want to withdraw his guilty plea. But again, either option is available for this court. Do you have any other questions? Thank you. Thank you, counsel. The court will take this matter under advisement and issue its decision in due course.